**LAGOMARSINO LAW**
ANDRE M. LAGOMARSINO, ESQ. (#6711)
TAYLOR N. JORGENSEN, ESQ. (#16259)
3005 W. Horizon Ridge Pkwy., #241
Henderson, Nevada 89052
Telephone: (702) 383-2864
Facsimile: (702) 383-0065
aml@lagomarsinolaw.com
taylor@lagomarsinolaw.com
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JUSTYN HORNOR, individually,<br><br>Plaintiff,<br><br>vs.<br><br>BRANDON WEY aka BRANDON WADE, individually; REFLEX MEDIA, INC, a Nevada Corporation; ROE ENTITIES I – V, inclusive,<br><br>Defendants. | CASE NO.: 2:22-cv-01840-RFB-DJA<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** |

COMES NOW Plaintiff JUSTYN HORNOR, by and through his counsel of record, ANDRE M. LAGOMARSINO, ESQ., and TAYLOR N. JORGENSEN, ESQ. of LAGOMARSINO LAW and submits *Plaintiff's Opposition to Defendants' Motion to Dismiss* (the "Opposition"). This Opposition is made and based on the following Memorandum of Points and Authorities, the papers and pleadings on files with the Court, and any oral argument the Court may entertain concerning this matter.

## I.     INTRODUCTION

Defendants BRANDON WEY ("Wey") and REFLEX MEDIA, INC, ("Reflex") (jointly "Defendants") filed their Motion to Dismiss (ECF No. 6) on November 8, 2022. However, Plaintiff has since filed a First Amended Complaint, rendering Defendants' Motion to Dismiss moot. As such, Defendants' Motion to Dismiss must, as a matter of law, be denied.

## II.    LEGAL STANDARD AND ARGUMENT

A party may amend its complaint once as a matter of course at any time before a responsive pleading is served pursuant to Federal Rule of Civil Procedure 15(a). A motion to dismiss is not a "responsive pleading" within the meaning of FRCP 15(a). *Breir v. Northern California Bowling*

*Proprietor Ass'n,* 316 F.2d 787, 789 (9th Cir. 1963).

An amended complaint becomes the operative complaint and supersedes the original, rendering the latter essentially non-existent. *See Barnes v. Sea Hawaii Rafting, LLC,* 889 F.3d 517, 531 (9th Cir. 2018) ("the amended complaint supersedes the original, the latter being treated thereafter as non-existent"); *Valadez-Lopez v. Chertoff,* 656 F.3d 851, 857 (9th Cir. 2011) (an amended complaint supersedes the original pleading, making it "non-existent"); *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) (overruled on other grounds); *Loux v. Rhay,* 375 F.2d 55, 57 (9th Cir. 1967). As a result, a motion to dismiss filed prior to an amended complaint is rendered moot because it is no longer attached to the operative complaint. *See Ramirez v. Cty. Of San Bernadino,* 806 F.3d 1002, 1008 (9th Cir. 2015) (filing of an amended complaint moots any pending motions to dismiss earlier-filed complaints); *see generally Snelson v. Washoe Cty. Detention Facility,* 2014 WL 3956418 (D. Nev. 2014) (defendants' motion to dismiss original complaint rendered moot after court accepted plaintiffs amended complaint); *see Wayne v. Buehler,* 669 F.Supp. 330 (D. Nev. 1987) (plaintiffs filed amended complaint after defendants filed a motion to dismiss, rendering defendants motion moot).

Defendants filed their Motion to Dismiss on November 8, 2022 in response to Plaintiffs original Complaint, which was filed on October 5, 2022 (the "original complaint"). Defendants subsequently removed to District Court but failed to file an Answer to Plaintiffs original complaint. This failure entitled Plaintiff to file an amended complaint as a matter of course. Plaintiff HORNOR did so and filed his First Amended Complaint on November 30, 2022. Pursuant to the law as discussed above, Plaintiffs First Amended Complaint is now the operative complaint, and the original complaint is essentially non-existent. Defendants' Motion to Dismiss is connected to an inoperative and essentially non-existent complaint, rendering the Motion to Dismiss moot. As such, Defendants' Motion to Dismiss must, as a matter of law, be denied.

Plaintiff notes that, despite filing a First Amended Complaint, he has significant substantive oppositions to Defendants' Motion to Dismiss. Should Defendants file a Motion to Dismiss Plaintiff's First Amended Complaint, however, Plaintiff will address said oppositions at that point.

. . .

. . .

## III.  CONCLUSION

Plaintiff's First Amended Complaint renders Defendants' Motion to Dismiss moot as a matter of law. Defendants' Motion to Dismiss must, therefore, be denied in its totality.

DATED this 30th day of November 2022.

_____
**LAGOMARSINO LAW**
Andre M. Lagomarsino, Esq. (#6711)
Taylor N. Jorgensen, Esq. (#16259)
3005 W. Horizon Ridge Pkwy., #241
Henderson, Nevada 89052
Telephone: (702) 383-2864
*Attorneys for Plaintiff Justyn Hornor*

# CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I hereby certify that on this 30th day of November, 2022, I served a true and correct copy of the foregoing **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** on all parties to this action, electronically and via U.S. mail, to the following:

Mark L. Smith, Esq. (#14762)
Jacob L. Fonnesbeck, Esq. (#11961)
SF FIRM, LLP
6345 S. Pecos Road, Suite 202
Las Vegas, Nevada 89120
Telephone: (725) 666-8701
*Attorneys for Defendants Brandon Wade and Reflex Media, Inc.*

An Employee of **LAGOMARSINO LAW**