**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Justyn Hornor, | Case No. 2:22-cv-01840-RFB-DJA |
| Plaintiff, | |
| v. | **Order** |
| Brandon Wey, an individual; Reflex Media, Inc., a Nevada corporation; et al., | |
| Defendants. | |

Plaintiff Justyn Horner worked for Reflex Mexia, Inc. between March of 2020 and February of 2022.  During that time, he claims that Reflex's CEO—Brandon Wey—began adopting various religious[1] beliefs and forcing them onto employees.  For example, Wey would allegedly require employees to share their traumas; discuss inappropriate topics like sex and relationships; undergo "aura readings"; and take mind altering drugs like MDMA, psilocybin, DMT, and amphetamines.  Plaintiff claims that his reluctance to engage in these practices hurt his standing at Reflex and that the stressful environment caused his ulcerative colitis to flare up.

Ultimately, Plaintiff asked to take FMLA leave to seek treatment.  When Wey tried to set a meeting to inquire about Plaintiff's leave, Plaintiff sent a letter to Reflex asking for a list of accommodations—including stopping the required religious practices—for Plaintiff to return to work.  Minutes after Plaintiff sent the letter, Reflex terminated Plaintiff.  Plaintiff sues Reflex and Wey for damages, alleging claims for religious discrimination in violation of 42 U.S.C. § 2000e et seq. ("Title VII") and NRS 613.330; retaliation in violation of Title VII and NRS 613.330; failure to accommodate in violation of Title VII and NRS 613.330; hostile work environment in

---

[1] The parties dispute whether these beliefs were "religious."  The Court refers to these beliefs as religious throughout this order.  But this reference is for the sake of simplicity and the Court does not make any findings on the issue.

1   violation of Title VII and NRS 613.330; tortious discharge; and Family and Medical Leave Act
2   ("FMLA") interference.[2]

3       Plaintiff moves to disqualify Defendants' counsel—Mark Smith, Esq.—from taking the
4   depositions of Plaintiff, Wey, and the 30(b)(6) witness for Reflex, arguing that Smith is a witness
5   to the case because Smith was outside counsel for Reflex during Plaintiff's employment.  (ECF
6   No. 48).  Defendants move to strike a declaration Plaintiff attached to his reply in support of his
7   motion to disqualify counsel, arguing that the declaration constitutes new evidence improperly
8   attached to a reply.  (ECF No. 52).  Because the Court finds that Smith taking the depositions at
9   issue would be prejudicial to Plaintiff, it grants Plaintiff's motion to disqualify counsel.  Because
10  the Court finds that Defendants have not identified a basis for the Court to strike Plaintiff's
11  evidence, it denies Defendants' motion to strike.

12                                    **Discussion**

13  **I.      Plaintiff's motion to disqualify counsel.**

14          ***A.      The parties' arguments.***

15      Plaintiff moves the Court to disqualify Smith as counsel only for the upcoming
16  depositions of Plaintiff, Wey, and Reflex's 30(b)(6) representative.  (ECF No. 48).  Plaintiff
17  argues that, if the Court later determines that Smith is a necessary witness, Smith's dual role as
18  attorney in these depositions and witness on the stand may confuse the jury.  In support of his
19  motion, Plaintiff asserts that Smith and his firm operated as outside counsel for Reflex.  In that
20  role, Plaintiff asserts that Smith was the recipient of Plaintiff's complaints about Wey and likely
21  other employees' complaints as well.  Plaintiff adds that Smith and Wey were and are close
22  personal friends who likely engaged in non-privileged communications about the actions Wey
23  was taking at work.  Plaintiff also asserts that Smith was present in certain meetings where Wey
24  pushed his religious beliefs.  So, Plaintiff argues that it is very likely that Smith's testimony will
25  be vital to the case and unobtainable from other sources.  However, to determine whether Smith's

---

[2] The Court granted Defendants' motion to dismiss Plaintiff's claims for intentional infliction of emotional distress and invasion of privacy.  (ECF No. 32).

testimony is indeed necessary and unobtainable from other sources, Plaintiff states that he must first complete his deposition and that of Wey and Reflex's 30(b)(6) witness.

In response, Defendants do not address Plaintiff's proposal that Smith be disqualified only for the purposes of the upcoming depositions and instead treat Plaintiff's motion as one to disqualify Smith entirely. (ECF No. 49). Defendants argue that there are no grounds to do so because the testimony Smith might give is obtainable from other sources, including from Plaintiff and other employees. In making this argument, Defendants acknowledge that Smith was present during certain meetings and engaged in certain conversations with Plaintiff but note that other parties were often also present and could testify regarding these issues. Defendants also question the credibility of Plaintiff's statements about Smith's involvement and argue that Smith was not as involved as Plaintiff asserts.

In reply, Plaintiff points out that Defendants have not responded to his actual argument: that Smith should be excluded only from certain upcoming depositions to avoid potential jury confusion. (ECF No. 51). Plaintiff also takes issue with Defendants' attacks on his credibility, pointing out that the motion is not one for summary judgment. Plaintiff emphasizes in reply that, if he is "able to get all of the information from Defendants Wey and Reflex that he currently believes he can only get through Smith, then there will be no need to file for trial disqualification. However, Plaintiff cannot know that until he deposes Defendants and is unwilling to risk the exposure of Smith's dual role when the depositions at issue are, almost unavoidably, used at trial." (ECF No. 51 at 8).

### B.   Analysis.

Motions to disqualify counsel are disfavored and are only granted when "absolutely necessary." *Switch Comm's Grp. v. Ballard*, No. 2:11-cv-00285-KJD-GWF, 2011 WL 3859725, *2 (D. Nev. Aug. 31, 2011) (citing *United States v. Titan Pacific Constr. Corp.*, 637 F. Supp. 1556, 1562 (W.D. Wash. 1986)); *see also United States v. River Irr. Dist.*, No. 3:73-cv-00127-ECF-RAM, 2006 WL 618823, *3 (D. Nev. Mar. 10, 2006) (disqualifying an attorney is a "drastic measure"). "Courts are especially vigilant that such motions not be misused for the purpose of harassment, delay, or other tactical advantage." *Russell Road Food & Beverage, LLC v. Galam*,

No. 2:13-cv-00776-JCM-NJK, 2014 WL 3845424, *1 (D. Nev. July 31, 2014).  "Because of this potential for abuse, disqualification motions should be subjected to particularly strict judicial scrutiny."  *Optyl Eyewear Fashion Int'l Corp. v. Style Cos., Ltd.*, 760 F.2d 1045, 1050 (9th Cir. 1985) (internal quotations and citations omitted).  The party seeking disqualification bears the burden of proof.  *See, e.g., Colyer v. Smith*, 50 F. Supp. 2d 966, 974 (C D. Cal. 1999).

Whether an attorney should be disqualified is an issue of state law.  *In re Cnty. of Los Angeles*, 223 F.3d 990, 995 (9th Cir. 2000).  In pertinent part, the Nevada Rules of Professional Conduct provide that:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
> (1) The testimony relates to an uncontested issue;
> (2) The testimony relates to the nature and value of the legal services rendered to the case; or
> (3) Disqualification of the lawyer would work substantial hardship on the client.

Nev. R. Prof. Con. 3.7.

A lawyer is likely to be a necessary witness when his or her testimony is relevant, material, and unobtainable elsewhere.  *Ahern Rentals, Inc. v. Lexington Insurance Company*, No. 2:09-cv-00679-LDG-RJJ, 2011 WL 13302279 at *1 (D. Nev. Mar. 3, 2011).  But the Nevada Supreme Court in *DiMartino v. Eighth Judicial District Court* noted that "a lawyer who is likely to be a necessary witness may still represent a client in the pretrial stage."  *DiMartino v. Eighth Judicial Dist. Court.*, 119 Nev. 119, 121 (2003).  "Because the rule is meant to eliminate any confusion and prejudice that could result if an attorney appears before a jury as an advocate and as a witness, pretrial disqualification is generally not necessary."  *Id.* at 122.

On the other hand, the District of Nevada has stated that "[a] fair reading of *DiMartino* is that 'pretrial disqualification is generally not necessary,' *unless* the attorney/witness' pretrial participation will create confusion and prejudice to a jury."  *Ahern*, 2011 WL 13302279 at *2 (emphasis added).  The court's decision in *Ahern* stands for the proposition that an attorney who was witness to facts underlying an action may be disqualified from participating in depositions to avoid potential jury confusion should the attorney later become a necessary witness at trial.  *Id.* at

*2-4.  In *Ahern*, the plaintiff's attorney—Mark Hutchison—was witness to a conversation in which the plaintiff—Ahern—purchased an insurance policy.  *Id.* at *1.  During that conversation, the insurance company[3] assured Ahern that the policy would allow Ahern to retain Hutchison for any claim.  *Id.*  Later, Ahern employed Hutchison to handle the defense of two personal injury cases.  *Id.*  But the insurance company refused to pay for the cost of Hutchison's defense.  *Id.*  Ahern then employed Hutchison to sue the insurer.  *Id.*  The insurer moved to disqualify Hutchison from taking the depositions of certain witnesses, arguing that doing so might confuse the jury if the court and parties later determined Hutchison to be a necessary witness.  *Id.*  The court agreed.  *Id.* at *3-4.  It pointed out that "[a]llowing Hutchison to take the depositions of witnesses regarding matters he participated in creates a risk that Hutchison will insert his own testimony or will 'argue his own veracity' during the course of the deposition."  *Id.*  The court explained,

> [b]ecause he is a witness himself, Hutchison's own understanding and opinion of the events will inevitably color the deposition, whether intentional or not.  Hutchison's dual role as an attorney and advocate has a greater chance of becoming known to the jury if he is allowed to take and defend depositions because of the level of Hutchison's involvement in the underlying facts and issues.  It is likely that a witness might refer to the fact that Hutchison was also a witness or participant in the events at issue, reve[a]ling his dual role to the jury and causing confusion.  Allowing Hutchison to participate in depositions would also be prejudicial against Defendants because it would unduly complicate discovery.  If Hutchison is allowed to take depositions, it is foreseeable that Defendants might object to some question asked, or statement made, based upon his dual role of attorney and witness, resulting in added litigation that could be easily avoided.  It might also affect the witness deposed, who would know that Hutchison was a witness to many of the events that would be the subject of the deposition.  The witness might infer that, as an attorney and witness, Hutchison's view of the events might be given more credibility than their own.

> *Id.* at *4.

---

[3] This case actually involved two insurance companies—Lexington Insurance Company and Wachovia Insurance Services.  However, the distinction is not relevant to the Court's analogizing here, so the Court refers to them collectively as the "insurer."

The Court finds the analysis of the *Ahern* court to be directly relevant and persuasive here and thus grants Plaintiff's motion to disqualify Smith for the purposes of taking Plaintiff's, Wey's, and Reflex's 30(b)(6) witness' depositions.  The Court finds that Plaintiff has carried his burden of showing that Smith was involved in the underlying case such that Smith may later become a necessary witness at trial.  In responding to Plaintiff's motion, Defendants do not dispute that Smith was involved in certain meetings and conversation underlying the case.  (ECF No. 49 at 2, 7-10).  They simply dispute whether Smith was the only person who could testify about those meetings and conversations.  But, as Plaintiff points out, Plaintiff cannot determine whether Smith is really a necessary witness without the depositions he seeks to exclude Smith from taking.  And the Court agrees with Plaintiff that it would be prejudicial to Plaintiff for Smith to take those depositions and later potentially be a witness in the case.  Again, the Court is not determining at this stage whether Smith should be disqualified from representing Defendants at all or even at trial.  The Court is simply determining whether Smith should be permitted to take the depositions of Plaintiff, Wey, and Reflex's 30(b)(6) witness.  For this purpose, the Court finds the parties' agreement that Smith was involved in the underlying facts sufficient to raise the same concerns at issue in *Ahern* and to employ the same relief the court did there.

The Court also finds that Defendants will suffer minimal hardship if Smith is disqualified from taking and defending depositions because Defendants are represented by another attorney at Smith's firm.  And the parties do not argue or suggest that this other attorney—Jacob Fonnesbeck—was involved in the facts underlying this case.  The fact that Defendants will be denied Smith's special knowledge of the case during depositions is not a relevant factor because nothing prevents Smith from sharing his legal and factual knowledge of the case with Fonnesbeck.  The Court thus grants Plaintiff's motion to disqualify Smith.  Smith shall not be the deposing attorney in the depositions of Plaintiff, Wey, or the Reflex 30(b)(6) witness.

## II.     Defendants' motion to strike.

Defendants move to strike a declaration that Plaintiff attaches to his reply in support of his motion to disqualify Smith, arguing that Plaintiff improperly raises evidence for the first time in reply, depriving Defendants of the opportunity to respond.  (ECF No. 52).  Plaintiff responds that

the Court can address the problem Defendants raise by allowing the Defendants the opportunity

to file a sur-reply.  (ECF No. 53).  Plaintiff also argues that the evidence is not "new" because he

submitted it in direct response to Defendants' arguments based on lack of evidence.  (*Id.* at 3).

Defendants oppose Plaintiff's characterization of the evidence as not really being "new" and

argue that a sur-reply requires Defendants to seek leave of court and to expend money that they

would not have had to expend if Plaintiff had simply not included the evidence.  (ECF No. 57 at

1-2).

      The Court declines to strike the exhibit because Defendants have not identified a proper

basis for the Court to do so.  Striking material under Federal Rule of Civil Procedure 12(f) is

confined to "pleadings" only.  *See* Fed. R. Civ. P. 12(f).  The motion to disqualify is not a

pleading.  The Court also does not find that striking the exhibit would "further the overall

resolution of the action" such that striking the exhibit under the Court's inherent authority is

appropriate here.  *See Spurlock v. F.B.I.*, 69 F.3d 1010, 1016 (9th Cir. 1995); *see Jones v. Skolnik*,

No. 3:10-cv-00162-LRH, 2015 WL 685228, at *2 (D. Nev. Feb. 18, 2015).


      **IT IS THEREFORE ORDERED** that Plaintiff's motion to disqualify (ECF No. 48) is

**granted.**  Smith shall not be the deposing attorney in the depositions of Plaintiff, Wey, or the

Reflex 30(b)(6) witness.

      **IT IS FURTHER ORDERED** that Defendants' motion to strike (ECF No. 52) is **denied.**


      DATED: June 17, 2024


_____

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE