**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Justyn Hornor,<br><br>                Plaintiffs,<br><br>          v.<br><br>Brandon Wey aka Brandon Wade; Reflex Media, Inc.; et al.,<br><br>                Defendants. | Case No. 2:22-cv-01840-RFB-DJA<br><br>**Order** |

      Before the Court is Defendants Reflex Media, Inc., and Brandon Wey's motion to compel non-party Brook Urick to comply with a subpoena to produce documents and sit for a deposition. (ECF No. 82). Plaintiff filed a non-opposition. (ECF No. 83). In reply, Defendants point out that Urick has also not opposed the motion. (ECF No. 84). They add that she has been engaging in the meet and confer process, produced some records, and tentatively agreed to sit for a deposition later this month. However, Defendants ask that the Court nonetheless grant their motion despite Urick's compliance because she has not yet been deposed, her production remains incomplete, and her continued cooperation is not guaranteed. (*Id.* at 2-3). The Court grants in part and denies in part Defendants motion to compel because, while their motion to compel compliance with the portion of the subpoena requiring Urick to produce documents is proper, Defendants need not move to compel Urick to sit for her deposition.

      Under Federal Rule of Civil Procedure 45(a)(1), a represented party may issue subpoenas to compel a person to, amongst other things, testify at a deposition and produce designated documents and electronically stored information. Proper subpoenas issued by attorneys on behalf of the court are treated as orders of the Court. *McKeon v. Cent. Valley Cmty. Sports Found.*, No. 1:18-cv-00358-BAM, 2019 WL 1208986, at \*2 (E.D. Cal. Mar. 14, 2019) (collecting cases). If a party who is commanded to produce materials or permit inspection (also called a subpoena *duces*

*tecum*) objects to the subpoena, the serving party may move the court for an order compelling that production or inspection. Fed. R. Civ. P. 45(d)(2)(B)(i); *see Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 494 & n.5 (9th Cir. 1983) (although a subpoena itself is a court order and noncompliance may warrant contempt sanctions, once a nonparty objects, the party seeking discovery must obtain a court order directing compliance). On the other hand, while a nonparty may challenge a subpoena *duces tecum* via written objection, a deposition subpoena may only be challenged by moving to quash or modify the subpoena under Federal Rule of Civil Procedure 45(d)(3)(A) or by moving for a protective order under Rule 26(c). *See HI. Q, Inc. v. ZeetoGroup, LLC*, No. 22-cv-01440-LL-MDD, 2022 WL 17345784, at *5-6 (S.D. Cal. Nov. 29, 2022).

Here, the Court grants Defendants' motion to compel, but only in part. Urick has objected to producing documents in response to the subpoena. But she has not responded to Defendants' motion to compel, constituting her consent to the Court granting the motion to compel under Local Rule 7-2(d). So, the Court grants Defendants' motion with respect to the subpoena requiring Urick to produce documents. On the other hand, Urick would be required to attend her deposition even if the Court did not grant the motion to compel because she has not moved to quash or modify the subpoena. Because Defendants do not need the Court to grant the motion to compel to require Urick to sit for her deposition—she is already required to do so—the Court denies the motion as moot in part with respect to the portion of the subpoena requiring Urick to sit for her deposition.

**IT IS THEREFORE ORDERED** that Defendants' motion to compel (ECF No. 82) is **granted in part and denied in part.** It is granted with respect to Defendants' request that the Court compel Urick's compliance with the subpoena to produce documents. It is denied as moot with respect to the portion of the subpoena related to the deposition.

DATED: February 5, 2025

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE