UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Justyn Hornor, | Case No. 2:22-cv-01840-RFB-DJA |
| Plaintiff, | |
| v. | Order |
| Brandon Wey aka Brandon Wade; and Reflex Media, Inc.; et al., | |
| Defendants. | |

Before the Court is non-party Brook Urick's motion to quash Defendant Brandon Wey and Reflex Media, Inc's subpoena for her deposition. (ECF No. 88). Also before the Court is Plaintiff Justyn Hornor's motion to exceed the ten-deposition limit. (ECF No. 92). Because the Court finds that Urick has not met her burden to quash the subpoena, the Court denies her motion. Because the Court finds that Plaintiff has met his burden to show that some additional depositions are necessary, but not all the depositions he seeks, the Court grants his motion in part and denies it in part.

**I.    Motion to quash.**

Rule 45 governs the issuance of subpoenas requiring non-parties to produce designated documents and testify at a deposition. *See* Fed. R. Civ. P. 45(a)(1)(A)(iii). A court must grant a timely motion to quash or modify a subpoena that fails to allow reasonable time to comply, requires a person to comply beyond the geographical limits specified in Rule 45(c), requires disclosure of privileged or other protected matter, if no exception or waiver applies, or subjects a person to undue burden. *See* Fed. R. Civ. P. 45(d)(3)(A). The movant seeking to quash a subpoena bears the burden of persuasion. *Green v. Baca*, 226 F.R.D. 624, 653 (C. D. Cal. 2005).

Whether a subpoena is unduly burdensome depends on the facts of each specific case. *Green*, 226 F.R.D. at 653. Additionally, "courts have incorporated relevance as a factor when

determining motions to quash a subpoena, particularly when considering whether there is an undue burden." *Bird v. PSC Holdings I, LLC*, No. 12-cv-1528W (NLS), 2013 WL 12108107, at *1 (S.D. Cal. Nov. 20, 2013) (internal quotations and citation omitted). "'It is well established that the scope of discovery under a subpoena issued pursuant to Rule 45 is the same as the scope of discovery allowed under Rule 26(b)(1).'" *Paws Up Ranch, LLC v. Green*, No. 2:12-cv-01547-GMN-NJK, 2013 WL 6184940, at *4 (D. Nev. Nov. 22, 2013) (quoting *Painters Joint. Comm. v. Emp. Painters Tr. Health & Welfare Fund*, 2:10-cv-01385-JCM-PAL, 2011 WL 4573349, at *5 (D. Nev. Sept. 29, 2011)). "Generally speaking, the Federal Rules allow parties to obtain discovery that is ... relevant to a claim or defense of any party." *Paws Up Ranch, LLC*, 2013 WL 6194940, at *2 (internal citation omitted).

In this instance, Urick opposes her deposition as being unnecessary, unduly burdensome, irrelevant, and as seeking information protected under the Nevada Shield Law NRS 49.275. None of these reasons convince the Court to quash the subpoena. As Defendants point out, Plaintiff introduced Urick's book and statements about her time at Reflex Media and working with Wey as evidence on which he wishes to rely, so Urick's deposition is necessary and relevant to the litigation. Additionally, Urick has provided no basis for her assertion that the deposition would be unduly burdensome. Finally, it is not clear that Urick would fit the definition of a "reporter, former reporter or editorial employee of any newspapers, periodical or press association or employee of any radio or television station" such that NRS 49.275 would apply to prohibit the deposition in its entirety. So, the Court denies her motion to quash.

**II.    Motion to take more than ten depositions.**

Leave to exceed the presumptive deposition limit is to be granted "to the extent consistent with Rule 26(b)(1) and (2)." Fed. R. Civ. P. 30(a)(2). "A party seeking to exceed the ten deposition limit must make a particularized showing of why the discovery is necessary." *Natural Resources Defense Counsel, Inc. v. Winter*, No. cv-05-7513-FMC-FMOx, 2008 WL 11338647, at *2 (C.D. Cal. July 11, 2008) (citations and quotations omitted); *see Doss v. Hartford Life & Accident Ins. Co.*, No. 1:20-cv-00907-BAK-SKO, 2022 WL 4472964, at *2 (E.D. Cal. Sept. 26, 2022); *Thykkuttathil v. Keese*, 294 F.R.D. 597, 600 (W.D. Wash. 2013); *Archer Daniels Midland*

*Co. v. Aon Risk Services, Inc.*, 187 F.R.D. 578, 586 (D. Minn. 1999); *but see Pitkin v. Corizon Health, Inc.*, No. 3:16-cv-02235-AA, 2018 WL 1336047, at *2 (D. Or. Mar. 13, 2018) (declining to require a "particularized showing of necessity"). The presumptive deposition limit is intended to "promote cost-effective discovery and promote the federal rules' policy of minimizing unreasonably cumulative or duplicative discovery." *Thykkuttathil*, 294 F.R.D. at 599 (citations and quotations omitted). Parties should ordinarily exhaust their allowed depositions before making a request for additional. *Id.*

Here, Plaintiff seeks to take four additional depositions of Defendants' experts. Given the parties' arguments, this is a relatively close issue. The Court ultimately finds that Plaintiff has made a particularized showing to take additional depositions. But the Court limits those additional depositions to two. The Court will further permit Defendants to take two additional depositions to address their concerns about asymmetrical discovery. The parties must further meet and confer and stipulate to any extension of time necessary to conduct these depositions.

**IT IS THEREFORE ORDERED** that Brook Urick's motion to quash (ECF No. 88) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's motion to take additional depositions (ECF No. 92) is **granted in part and denied in part.** It is granted in part because the Court allows Plaintiff to take two additional depositions. It is denied in part regarding Plaintiff's request to take four additional depositions.

**IT IS FURTHER ORDERED** that Defendants shall also be allowed to take two additional depositions.

**IT IS FURTHER ORDERED** that the parties must meet and confer to stipulate to any extension of time necessary to conduct these depositions.

DATED: May 8, 2025,

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE